**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X

SUQUIN ZHU, INDIVIDUALLY AND ON BEHALF OF ALL OTHER EMPLOYEES SIMILARLY SITUATED,

        Plaintiff,

   -against-

HAKKASAN NYC LLC, HAKKASAN HOLDINGS, LLC

        Defendants.

Case No.: 16-cv-5589 (KPF)(SN)

------------------------------------------------------------X

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO COMPEL ARBITRATION AND STAY THE ACTION

JACKSON LEWIS PC
666 Third Avenue
New York, New York 10017
(212) 545-4000

Felice B. Ekelman
Douglas J. Klein

ATTORNEYS FOR DEFENDANTS

# **TABLE OF CONTENTS**

<u>**Pages**</u>

TABLE OF AUTHORITIES ................................................................................................ i

PRELIMINARY STATEMENT ......................................................................................... 1

FACTUAL BACKGROUND .............................................................................................. 1

ARGUMENT ....................................................................................................................... 3

    I.    Plaintiffs Are Required To Arbitrate Their FLSA And NYLL Claims ................. 3

          A.    Federal Law Compels Arbitration of the Plaintiffs' Disputes ................. 3

          B.    Plaintiffs Entered Into A Valid And Enforceable Agreement To Arbitrate ........... 4

          C.    Plaintiffs' Arbitration Agreement Encompasses the Claims in the Complaint ...... 5

          D.    Plaintiffs' Claims Are Not Subject To Legislative Exemption From Arbitration .. 6

    II.    Plaintiffs Must Arbitrate Their Claims On An Individual Basis. .................................... 8

    III.    This Court Should Stay This Action Pending Arbitration ............................................. 12

CONCLUSION ................................................................................................................. 12

# TABLE OF AUTHORITIES

Page(s)

**CASES**

Anwar v. Fairfield Greenwich Ltd.,
  950 F. Supp. 2d 633 (S.D.N.Y. 2013) ........................................................................................9

AT&T Mobility LLC v. Concepcion,
  563 U.S. 333 (2011) ...................................................................................................................3

Bentley v. Champion Courier, Inc.,
  12 Civ. 1327 (KBF), 2012 U.S. Dist. LEXIS 100821 (S.D.N.Y. July 17, 2012) .......................7

Chen-Oster v. Goldman, Sachs & Co.,
  785 F. Supp. 2d 394 (S.D.N.Y. 2011), *rev'd on other grounds sub nom* ................................10

Circuit City Stores, Inc. v. Adams,
  532 U.S. 105 (2001) ...................................................................................................................7

Dean Witter Reynolds, Inc. v. Byrd,
  470 U.S. 213 (1985) ...................................................................................................................3

Edwards v. Macy's Inc.,
  No. 14 Civ. 8616, 2015 U.S. Dist. LEXIS 86816 (S.D.N.Y. June 30, 2015) ........................9, 11

Fleming v. J. Crew,
  16-cv-2663 (GHW), 2016 U.S. Dist. LEXIS 146471 (S.D.N.Y. Oct. 21, 2016) ...................6, 7

Genesco, Inc. v. T. Kakiuchi & Co.,
  815 F.2d 840 (2d Cir. 1987) .......................................................................................................4

Gold v. Deutsche Aktiengesellschaft,
  365 F.3d 144 (2d Cir. 2004) .......................................................................................................4

Green Tree Fin. Corp. v. Bazzle,
  539 U.S. 444 (2003) ...................................................................................................................5

Hellenic Lines, Ltd. v. Louis Dreyfus Corp.,
  372 F.2d 753 (2d Cir. 1967) .......................................................................................................5

Holick v. Cellular Sales of N.Y., Inc.,
  937 F. Supp. 2d 311 (N.D.N.Y. 2013) .......................................................................................7

Howsam v. Dean Witter Reynolds,
  537 U.S. 79 (2002) .....................................................................................................................8

In re A2P SMS Antitrust Litig.,
  No. 12 CV 2656 (AJN), 2014 U.S. Dist. LEXIS 74062 (S.D.N.Y. May 29, 2014) ............9, 11

JLM Indus., Inc. v. Stolt-Nielsen SA,
    387 F.3d 163 (2d Cir. 2004).....................................................................................3, 4, 10

Katz v. Cellco P'ship,
    794 F.3d 341 (2d Cir. 2015)................................................................................................12

Martin v. SCI Management,
    296 F. Supp. 2d 462 (S.D.N.Y. 2003).................................................................................3

McMahon Sec. Co. L.P. v. Forum Capital Markets, L.P.,
    35 F.3d 82 (2d Cir. 1994).....................................................................................................5

Meyer v. Starwood Hotels & Resorts Worldwide, Inc.,
    No. 00-CV-8339, 2001 U.S. Dist. LEXIS 6663 (S.D.N.Y. Apr. 18, 2001).........................5

Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,
    460 U.S. 1 (1983).................................................................................................................3

Murray v. UBS Securities, LLC,
    12 Civ. 5914 (KPF), 2014 U.S. Dist. LEXIS 9696 (S.D.N.Y. Jan. 27, 2014).....................3

Nunez v. Citibank, N.A.,
    2009 U.S. Dist. LEXIS 7783 (S.D.N.Y. Feb. 3, 2009).....................................................3, 4

Oldroyd v. Elmira Sav. Bank,
    134 F.3d 72 (2d Cir. 1998)....................................................................................................5

Ragone v. Atlantic Video,
    595 F.3d 115 (2d Cir. 2010).................................................................................................3

Reynolds v. de Silva,
    09 Civ. 9218 (CM), 2010 U.S. Dist. LEXIS 18040 (S.D.N.Y. Feb. 24, 2010) ...................7

Roby v. Corp. of Lloyd's, 996 F.2d 1353, 1361 (2d Cir. 1993)). ...................................................3

Ryan v. JPMorgan Chase & Co.,
    924 F. Supp. 2d 559 (S.D.N.Y. 2013).................................................................................6

Sanders v. Forex Capital Mkts., LLC,
    No. 11-CV-0864 (CM), 2011 U.S. Dist. LEXIS 137961 (S.D.N.Y. Nov. 29, 2011).................9

Scott v. JPMorgan Chase & Co.,
    13 Civ 646 (KPF), 2014 U.S. Dist. Lexis 11691 (Jan. 30, 2014) .......................................3

Smith/Enron Cogeneration Ltd. P'ship v. Smith Cogeneration Int'l, Inc.,
    198 F.3d 88 (2d Cir. 1999)...................................................................................................6

Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.,
    559 U.S. 662 (2010)........................................................................................................8, 9

Sutherland v. Ernst & Young LLP,
   768 F. Supp. 2d 547 (S.D.N.Y. 2011).................................................................................10

Teah v. Macy's Inc.,
   No. 11-CV-1356, 2011 U.S. Dist. LEXIS 149274 (E.D.N.Y. Dec. 29, 2011) ..........................5

Tree Fin. Corp. v. Bazzle, 539 U.S. 444, 452 (2003) .................................................................5

Unique Woodworking, Inc., v. N.Y. City Dist. Council of Carpenters' Pension Fund,
   No. 07 Civ. 1951 (WCC), 2007 U.S. Dist. LEXIS 88342 (S.D.N.Y. Nov. 30, 2007)................4

Victorio v. Sammy's Fishbox Realty Co., LLC,
   2015 U.S. Dist. LEXIS 61421 (S.D.N.Y. May 6, 2015)...........................................................7

Waumboldt v. Callimanopulos,
   11 Civ. 7416 (TPG), 2012 U.S. Dist. LEXIS 118231 (S.D.N.Y. Aug. 20, 2012) .....................6

Wells Fargo Advisors, LLC v. Tucker,
   195 F. Supp. 3d 543 (S.D.N.Y. 2016).....................................................................................9

Zambrano v. Strategic Delivery Solutions, LLC,
   15 Civ. 8410 (ER), 2016 U.S. Dist. LEXIS 130533 (S.D.N.Y. Sept. 22, 2016) .......................7

## PRELIMINARY STATEMENT

Defendants Hakkasan NYC LLC ("Hakkasan") and Hakkasan Holdings, LLC (together "Defendants") submit this Memorandum of Law in support of their Motion to Compel Arbitration and Stay the Action pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, et seq. ("FAA") and the Local Rules of this Court. Plaintiffs agreed to arbitrate their claims asserted in this litigation, and despite their agreement have refused to withdraw the Complaint.

Plaintiff Suquin Zhu ("Plaintiff Zhu") was previously employed by Hakkasan as a sous chef. She filed the instant Complaint in the Southern District of New York against Defendants alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") on a class and collective action basis and individual discrimination claims under the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL"). Plaintiffs Nelson Leung ("Plaintiff Leung") and Lip Kuen Moy ("Plaintiff Moy") subsequently filed consents to join this action under the FLSA.

Each Plaintiff executed an agreement to arbitrate disputes arising out of their employment with Hakkasan ("Arbitration Agreement"), including claims for unpaid wages under the FLSA and NYLL and discrimination under the NYSHRL and NYCHRL. Consistent with the terms of the Arbitration Agreement, this Court should compel each Plaintiff to arbitrate his or her dispute and stay the case.

## FACTUAL BACKGROUND

On July 13, 2016, Plaintiff Zhu filed a Complaint against Defendants in the U.S. District Court, Southern District of New York, alleging wage and hour claims on behalf of herself and others alleged to be similarly situated under the FLSA and NYLL and individual claims for race, ethnicity and/or national origin discrimination under the NYSHRL and NYCHLR. See generally Complaint ("Compl.") annexed to the Ekelman Decl. as Exhibit "A,"

1

¶¶ 59-90. On November 8, 2017, Plaintiff Leung and Plaintiff Moy filed Consents to Sue Under the FLSA, consenting to join the case as Plaintiffs. Ekelman Decl., Exhibit "B."

Plaintiffs each executed the Arbitration Agreement, affirming their commitment, as a condition of employment, to arbitrate any and all disputes arising out of their employment with Hakkasan, including claims under the FLSA, NYLL, NYSHRL and NYCHRL. Copies of the Arbitration Agreements signed by each Plaintiff are attached as Exhibit "C" to the Ekelman Decl.

The Arbitration Agreement provides in its preamble: "As a condition of and in consideration for my employment with HAKKASAN NYC, LLC (hereinafter "the Company"), you are required to be bound by the terms of this Arbitration Agreement." See Ekelman Decl., Ex. "C." The Arbitration Agreement continues, in relevant part:

> . . . I agree to bring any and all claims I may wish to assert against the Company . . . only through arbitration. Such claims, whether based upon statute, regulation, contract, tort, or other common law principles, include but are not limited to, any claim for . . . unpaid wages, wrongful termination, violation of federal, state or city laws forbidding discrimination, harassment, and retaliation on the basis of race, color, religion, gender, sexual orientation, age, national origin, disability . . . .

In direct contravention of the Arbitration Agreement, Plaintiffs filed this lawsuit against Defendants. Prior to filing this motion, counsel for Defendants advised counsel for Plaintiffs of the existence of each Plaintiff's Arbitration Agreement and provided a copy of the agreement, but Plaintiffs have refused to withdraw the Complaint. Ekelman Decl. at ¶ 5. Defendants requested and the Court granted Defendants permission to file this motion. (DKT 14, 24, 32).

## ARGUMENT

**I.  Plaintiffs Are Required To Arbitrate Their FLSA And NYLL Claims.**

### A. Federal Law Compels Arbitration of the Plaintiffs' Disputes

Whether a claim is arbitrable is governed by the FAA. See 9 U.S.C. § 2; Ragone v. Atlantic Video, 595 F.3d 115, 121 (2d Cir. 2010). See Scott v. JPMorgan Chase & Co., 13 Civ 646 (KPF), 2014 U.S. Dist. Lexis 11691 at*15-*20 (Jan. 30, 2014); Murray v. UBS Securities, LLC, 12 Civ. 5914 (KPF), 2014 U.S. Dist. LEXIS 9696 at *10 (S.D.N.Y. Jan. 27, 2014). The FAA requires courts to "rigorously enforce agreements to arbitrate." Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 221, (1985); see also Martin v. SCI Management, 296 F. Supp. 2d 462, 467 (S.D.N.Y. 2003) ("The [FAA] requires . . . courts to enforce arbitration agreements reflecting Congress's recognition that arbitration is to be encouraged as a means of reducing the costs and delays associated with litigation.") (citations omitted). The FAA signifies a "congressional declaration of a liberal federal policy favoring arbitration agreements," and "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration[.]" Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1 (1983); see also AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 344 (2011). Therefore, the FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." Dean Witter Reynolds., 470 U.S. at 218 (citing 9 U.S.C. §§ 3, 4); JLM Indus., Inc. v. Stolt-Nielsen SA, 387 F.3d 163, 171 (2d Cir. 2004). A broad arbitration clause creates a presumption of arbitrability which can be overcome only if it "may be said with positive assurance that the arbitration clause is not susceptible to the interpretation that it covers the asserted dispute." Nunez v. Citibank, N.A., 2009 U.S. Dist. LEXIS 7783 (S.D.N.Y. Feb. 3, 2009), (citing Roby v. Corp. of Lloyd's, 996 F.2d 1353, 1361 (2d Cir. 1993)).

In determining whether to compel arbitration pursuant to the FAA, courts in the Second Circuit assess: (1) whether the parties agreed to arbitrate; (2) the scope of the arbitration agreement; (3) whether Congress intended for the federal claims to be arbitrable; and, (4) if some, but not all of the claims are arbitrable, whether to stay the balance of the proceeding pending arbitration. See JLM Indus. v. Stolt-Nielsen SA, 387 F.3d 163, 169 (2d Cir. 2004).[1] "Once a court is satisfied that an arbitration agreement is valid and the claim before it is arbitrable, it must stay or dismiss further judicial proceedings and order the parties to arbitrate." Nunez, 08-cv-5398 (BSJ), 2009 U.S. Dist. LEXIS 7783, at *6 (citations omitted); Unique Woodworking, Inc., v. N.Y. City Dist. Council of Carpenters' Pension Fund, No. 07 Civ. 1951 (WCC), 2007 U.S. Dist. LEXIS 88342, at *10 (S.D.N.Y. Nov. 30, 2007). As set forth below, application of these factors clearly requires that Plaintiffs be compelled to arbitrate their claims.

**B.     Plaintiffs Entered Into A Valid And Enforceable Agreement To Arbitrate**

Plaintiffs agreed to arbitrate the claims asserted in the Complaint. The Arbitration Agreement that Plaintiffs signed is valid and enforceable under well-settled contract law principles. Plaintiffs' signatures on the Arbitration Agreement serve as presumptive evidence that an agreement to arbitrate was formed. See Genesco, Inc. v. T. Kakiuchi & Co., 815 F.2d 840, 845 (2d Cir. 1987) ("Under general contract principles a party is bound by the provisions of a contract that he signs"); Gold v. Deutsche Aktiengesellschaft, 365 F.3d 144, 149 (2d Cir. 2004) ("[I]n the absence of fraud or other wrongful act on the part of another contracting party, a party who signs or accepts a written contract is conclusively presumed to know its contents and to assent to them." (citation, internal quotation and alteration marks omitted)). Indeed, when they commenced employment with Hakkasan, all three Plaintiffs signed the Arbitration Agreement providing:

---

[1] The fourth factor is not relevant to the Court's analysis here as all claims in the Complaint are subject to arbitration on an individual basis.

4

> As a condition of and in consideration for my employment with HAKKASAN NYC, LLC (hereinafter "the Company") . . . I waive my right to a court and/or jury trial and agree that all disputes relating to my employment, or the termination of such employment, shall be decided by a mutually agreed-upon Arbitrator in final and binding arbitration.

See Ekelman Decl., Ex. "C." There is clearly adequate consideration for the agreements as they bind both parties to arbitrate their claims against each other arising out of the employment relationship. See Hellenic Lines, Ltd. v. Louis Dreyfus Corp., 372 F.2d 753, 758 (2d Cir. 1967) (holding that a party's "promise to arbitrate was sufficient consideration to support [the other party's] promise to arbitrate"); Teah v. Macy's Inc., No. 11-CV-1356, 2011 U.S. Dist. LEXIS 149274, at *5 (E.D.N.Y. Dec. 29, 2011) ("There is clearly adequate consideration for the arbitration agreement, as it binds both parties to arbitrate their claims . . .".); Meyer v. Starwood Hotels & Resorts Worldwide, Inc., No. 00-CV-8339, 2001 U.S. Dist. LEXIS 6663, at *1 (S.D.N.Y. Apr. 18, 2001) ("[In] a contract to arbitrate disputes respecting employment, . . . the mutually binding nature of the arbitration clause constitutes valid consideration."). Accordingly, Plaintiffs have unquestionably entered into a valid and enforceable written agreement to arbitrate their claims individually and not proceed in Court.

C. **Plaintiffs' Arbitration Agreement Encompasses the Claims in the Complaint**

There is also no question that Plaintiffs' claims fall within the scope of the Arbitration Agreement. In determining whether signatories have agreed to arbitrate their dispute, arbitration clauses are to be construed "as broadly as possible." McMahon Sec. Co. L.P. v. Forum Capital Markets, L.P., 35 F.3d 82, 88 (2d Cir. 1994). If there is any doubt about the scope of the arbitrable issues, the court must resolve that doubt in favor of arbitration. Green Tree Fin. Corp. v. Bazzle, 539 U.S. 444, 452 (2003); Oldroyd v. Elmira Sav. Bank, 134 F.3d 72, 76 (2d Cir. 1998). Further, the existence of a broad agreement to arbitrate "creates a presumption of arbitrability which is only overcome if it may be said with positive assurance that

5

the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." Smith/Enron Cogeneration Ltd. P'ship v. Smith Cogeneration Int'l, Inc., 198 F.3d 88, 99 (2d Cir. 1999); Waumboldt v. Callimanopulos, 11 Civ. 7416 (TPG), 2012 U.S. Dist. LEXIS 118231 at *8 (S.D.N.Y. Aug. 20, 2012).

Here, there is no doubt that the parties agreed to arbitrate FLSA, NYLL, NYSHRL and NYCHRL claims. Indeed, the Arbitration Agreement provides:

> . . . I agree to bring any and all claims I may wish to assert against the Company . . . only through arbitration. Such claims, whether based upon statute, regulation, contract, tort, or other common law principles, include but are not limited to, any claim for . . . unpaid wages, wrongful termination, violation of federal, state or city laws forbidding discrimination, harassment, and retaliation on the basis of race, color, religion, gender, sexual orientation, age, national origin, disability . . ..

Ekelman Decl., Exhibit "C."

It is clear that the express terms of the Arbitration Agreement explicitly include all claims for unpaid wages under the FLSA and NYLL and discrimination under the NYSHRL and NYCHRL asserted in the Complaint, and such claims must be arbitrated. See, e.g., Ryan v. JPMorgan Chase & Co., 924 F. Supp. 2d 559 (S.D.N.Y. 2013) (granting motion to dismiss collective-action claims and compel arbitration of Plaintiff's wage-hour claims on an individual basis); Fleming v. J. Crew, 16-cv-2663 (GHW), 2016 U.S. Dist. LEXIS 146471 (S.D.N.Y. Oct. 21, 2016) (granting motion to stay the action and compel arbitration of Plaintiff's individual race discrimination claims, including claims under the NYSHRL and NYCHRL, because Plaintiff signed an agreement to arbitrate such claims). Accordingly, Plaintiffs' claims fall squarely within the scope of the Arbitration Agreement and must be arbitrated.

### D. Plaintiffs' Claims Are Not Subject To Legislative Exemption From Arbitration

All of Plaintiffs' claims asserted in the Complaint are within the scope of the Arbitration Agreement and the mandate of the FAA. Plaintiffs claim they and others were not

6

properly paid under the FLSA and NYLL. Plaintiff Zhu also claims that she was discriminated against based on her race, ethnicity and/or national origin under the NYSHRL and NYCHRL. It is well-settled that agreements to arbitrate claims in the employment context, including arbitration of wage claims and discrimination claims, are valid and enforceable. See, e.g., Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 123 (2001) ("We have been clear in rejecting the supposition that the advantages of the arbitration process somehow disappear when transferred to the employment context .... Arbitration agreements allow parties to avoid the costs of litigation, a benefit that may be of particular importance in employment litigation, which often involves smaller sums of money than disputes concerning commercial contracts.") (citations omitted); Fleming v. J. Crew, 16-cv-2663 (GHW), 2016 U.S. Dist. LEXIS 146471 (S.D.N.Y. Oct. 21, 2016) (compelling arbitration of Plaintiff's NYSHRL and NYCHRL discrimination claims).

Moreover, there is nothing in the language or history of the relevant federal statute (*i.e.*, FLSA) to indicate a congressional intent to foreclose arbitration of the wage claims asserted by Plaintiffs. Holick v. Cellular Sales of N.Y., Inc., 937 F. Supp. 2d 311 (N.D.N.Y. 2013) ("Congress intended plaintiffs' FLSA claims to be subject to arbitration under the FAA."). Indeed, courts in this District routinely hold that FLSA, NYLL, NYSHRL and NYCHRL claims are arbitrable and may be compelled to arbitration. See, e.g., Zambrano v. Strategic Delivery Solutions, LLC, 15 Civ. 8410 (ER), 2016 U.S. Dist. LEXIS 130533 (S.D.N.Y. Sept. 22, 2016); Victorio v. Sammy's Fishbox Realty Co., LLC, 2015 U.S. Dist. LEXIS 61421 (S.D.N.Y. May 6, 2015) ("Courts in this District have repeatedly found both FLSA and NYLL claims to be arbitrable[]"); Reynolds v. de Silva, 09 Civ. 9218 (CM), 2010 U.S. Dist. LEXIS 18040, at *5 (S.D.N.Y. Feb. 24, 2010) (collecting cases); Bentley v. Champion Courier, Inc., 12 Civ. 1327 (KBF), 2012 U.S. Dist. LEXIS 100821 (S.D.N.Y. July 17, 2012) (compelling arbitration of

Plaintiff's claims for discrimination, harassment and retaliation under the NYSHRL and NYCHRL). Plaintiffs have unquestionably entered into valid, enforceable written agreements to arbitrate the very same claims they purport to bring before this Court.

## II. Plaintiffs Must Arbitrate Their Claims On An Individual Basis.

The FLSA and NYLL claims in the Complaint are pled on a class and collective action basis. Plaintiffs seek to represent other employees they allege are similarly situated. However, arbitration of Plaintiffs' claims on an individual basis not a class basis is required because the Parties did not agree to class arbitration. As the scope of the Arbitration Agreement is a "gateway" issue, it is one for this Court to decide. Howsam v. Dean Witter Reynolds, 537 U.S. 79, 84 (2002).

In Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., 559 U.S. 662 (2010), the U.S. Supreme Court held class wide arbitration is not appropriate unless the parties have affirmatively agreed to arbitrate class disputes. Id. at 684. The Supreme Court granted certiorari to determine whether the FAA permitted the imposition of class arbitration on parties where the arbitration clause was silent as to class arbitration. The Supreme Court held imposing class arbitration on parties who have not agreed to authorize class arbitration is inconsistent with the FAA because it imposes a term upon the parties to which they had not agreed. Id. at 681-88 ("a party may not be compelled under [an arbitration agreement governed by] the FAA to submit to class arbitration unless there is a contractual basis for concluding that both parties agreed to do so."). In reaching its decision, the Supreme Court recognized the vast differences between a class and a bilateral arbitration, and explained that there can be no inference that an agreement to arbitrate class claims has been made simply because the parties entered into an agreement to arbitrate, since imposing such a term drastically alters the parties' agreement:

> An implicit agreement to authorize class-action arbitration ... is
> not a term that . . . may [be] inferred solely from the fact of the

8

>  parties agreement to arbitrate. This is so because a class-action
>  arbitration changes the nature of arbitration to such a degree that it
>  cannot be presumed the parties consented to it by simply agreeing
>  to submit their disputes to an arbitrator.

Id. at 624. "The differences between bilateral and class-action arbitration are too great for arbitrators to presume ... that the parties' mere silence on the issue of class-action arbitration constitutes consent to resolve their disputes in class proceedings." Id. at 687.

Whether the Plaintiffs agreed to arbitrate class and collective claims is an issue of arbitrability and, therefore, appropriate for the Court to decide. While Courts in the Second Circuit have issued conflicting decisions on this issue (see, e.g., Wells Fargo Advisors, LLC v. Tucker, 195 F. Supp. 3d 543 (S.D.N.Y. 2016); Edwards v. Macy's Inc., No. 14 Civ. 8616, 2015 U.S. Dist. LEXIS 86816 (S.D.N.Y. June 30, 2015); In re A2P SMS Antitrust Litig., No. 12 CV 2656 (AJN), 2014 U.S. Dist. LEXIS 74062 (S.D.N.Y. May 29, 2014)), case law supports judicial resolution of this issues as a "gateway" question.[2] For example, in Anwar v. Fairfield Greenwich Ltd., 950 F. Supp. 2d 633 (S.D.N.Y. 2013), the plaintiff filed a class action, which was stayed on a motion to compel arbitration. The Court denied the request to order class arbitration, finding no particular language in the arbitration agreement requiring the Parties' consent to arbitrate class disputes. Id. at 637 ("Had [defendant] contemplated that it was agreeing to arbitrate under its contract not only its controversies with [plaintiff], but also with any and all other plaintiffs [he] chose to bring on board the bandwagon of his dispute, it certainly would have made explicit provision for such a much more expansive obligation."); see also Sanders v. Forex Capital Mkts.,

---

[2] Even Courts in this District which found an arbitrator should decide the issue of whether the agreement permits class arbitration recognized it is plausible that Courts, not arbitrators, should decide this issue. See, e.g., In re A2P SMS Antitrust Litig., No. 12 CV 2656 (AJN), 2014 U.S. Dist. LEXIS 74062 at *37 (S.D.N.Y. May 29, 2014) ("the availability of class arbitration is plausibly an issue that contracting parties might expect a court to resolve, subject to standard appellate review, rather than risk undergoing the entirety of a high-stakes, high-cost arbitration that may differ from the proceeding contemplated by the parties[]") (citing Reed Elsevier, Inc. v. Crockett, 734 F.3d 594, 597-99 (6th Cir. 2013) ("Gateway questions are fundamental to the manner in which the parties will resolve their dispute--whereas subsidiary questions, by comparison, concern details. And whether the parties arbitrate one claim or [multiple] in a single proceeding is no mere detail.").

9

*LLC*, No. 11-CV-0864 (CM), 2011 U.S. Dist. LEXIS 137961 at *28 (S.D.N.Y. Nov. 29, 2011) (holding plaintiff must arbitrate claims "on an individual basis, as there is no provision in the contract which contemplates class arbitration."); Chen-Oster v. Goldman, Sachs & Co., 785 F. Supp. 2d 394, 403-405 (S.D.N.Y. 2011) (rejecting plaintiff's proposed consideration of extrinsic evidence where applicable agreement was unambiguous and silent with respect to class arbitration and holding defendant cannot be compelled to submit to class arbitration under *Stolt-Nielsen* and New York contract law in the absence of an explicit provision), rev'd on other grounds sub nom.; Sutherland v. Ernst & Young LLP, 768 F. Supp. 2d 547, 554 (S.D.N.Y. 2011) ("After the offending provision is severed from [the applicable agreement], the Agreement is rendered silent as to whether class arbitration is permissible. In accordance with Stolt-Nielsen, class arbitration may not be imposed on parties whose arbitration agreements are silent on the permissibility of class proceedings.") (internal citations omitted) (rev'd on other grounds and remanded).

Defendants submit the Arbitration Agreement is not silent on the issue of class arbitration. Rather, the language of the Arbitration Agreement establishes the Parties' intent to litigate disputes only on an individualized basis. First, the critical description of the scope of the agreement to arbitrate refers only to individual claims:

> "I waive **my** right to a Court and/or jury trial and agree that all disputes relating to **my** employment, or the termination of such employment, shall be decided by a mutually agreed upon Arbitrator in final and binding arbitration.
>
> I agree to bring any and all claims I may wish to assert against the Company . . . only through arbitration.
>
> I understand that to initiate arbitration under this Agreement, **I** or the Company must request arbitration of the other . . . .
> In agreeing to waive **my** right to a court and/or jury trial, **I** understand that I am not giving up any substantive rights . . . ."

Ekelman Decl., Exhibit "C" (emphasis added).

Significantly, this individual-focused language is missing from the arbitration agreements at issue in cases such as <u>Edwards</u> and <u>In re A2P SMS Antitrust Litig.</u> Indeed, in <u>Edwards</u> the arbitration agreement referenced possible "consolidation" of disputes, which could be interpreted to provide for class-wide arbitration. <u>Edwards</u>, 2015 U.S. Dist. LEXIS 86816 at *10. Here, there is no mention at all in the Arbitration Agreement of class arbitration, and nothing in the agreement can be interpreted to provide for class-wide arbitration. Hakkasan and Plaintiffs individually entered into an enforceable written agreement requiring Plaintiffs to pursue all claims arising out of their employment relationship on an individual basis through final and binding arbitration.

Second, the Arbitration Agreements provide for application of only certain Federal Rules of Civil Procedure and, quite tellingly, does not mention Rule 23 governing class actions. The Arbitration Agreement provides in relevant part:

> Arbitration under this Agreement shall be before a single Arbitrator in the county in which the dispute arose and conducted in accordance with the Employment Arbitration Rules of the American Arbitration Association to the extent consistent with applicable law, including the Federal Arbitration Act, **the Federal Rules of Civil Procedure (relating to filing deadlines, discovery processes, and dispositive motions)** and the Federal Rules of Evidence (relating to the presentation of evidence). The Arbitrator shall be mutually chosen by the Company and I through the Employment Panel of the American Arbitration Association.

Ekelman Decl., Exhibit "C" (emphasis added).

The inclusion of language citing specific Federal Rules of Civil Procedure on substantive procedural topics and omitting reference to Rule 23 governing class actions evidences that the Parties did not contemplate resolving class disputes pursuant to the Arbitration Agreement. Accordingly, this Court should compel arbitration of Plaintiffs' claims on an individual basis.

11

### III.  This Court Should Stay This Action Pending Arbitration

The FAA mandates a stay of proceedings "when all of the claims in an action have been referred to arbitration and a stay requested." Katz v. Cellco P'ship, 794 F.3d 341, 347 (2d Cir. 2015); see 9 U.S.C. § 3.). Accordingly, the Court should stay this action and direct Plaintiffs to file demands for arbitration.

### CONCLUSION

For the foregoing reasons, this Court should: (1) compel Plaintiffs to arbitrate their claims against Defendants on an individual basis; (2) dismiss the action, or at least stay these proceedings until conclusion of the arbitration; and (3) award Defendants fees and costs incurred in making this motion.

Respectfully submitted,

JACKSON LEWIS PC

By: _____
Felice B. Ekelman
Douglas J. Klein

*ATTORNEYS FOR DEFENDANTS*

Dated: April 20, 2017
       New York, New York