UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

SUQUIN ZHU, INDIVIDUALLY AND ON
BEHALF OF ALL OTHER EMPLOYEES
SIMILARLY SITUATED,

                Plaintiff,

          -against-

HAKKASAN NYC LLC, HAKKASAN
HOLDINGS, LLC

                Defendants.

------------------------------------------------------------X

Case No.: 16-cv-5589 (KPF)(SN)

**DECLARATION OF FELICE B.
EKELMAN, ESQ. IN SUPPORT OF
DEFENDANTS' MOTION TO
COMPEL ARBITRATION AND
STAY THE ACTION**

        Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the following is true and correct:

        1.     I am a Principal with the law firm Jackson Lewis P.C., 666 Third Avenue, New York, New York 10017, attorneys of record for Defendants Hakkasan NYC LLC ("Hakkasan") and Hakkasan Holdings, LLC (collectively "Defendants") in connection with the above-captioned action. I am fully familiar with the facts set forth herein, and make this Declaration in Support of Defendants' Motion to Compel Arbitration On An Individual Basis and Stay the Action.

        2.     Attached hereto as Exhibit "A" is a copy of the Complaint in this action filed by Plaintiff Suquin Zhu ("Plaintiff Zhu") on July 13, 2016.

        3.     Attached hereto as Exhibit "B" are copies of the Consents to Sue Under the Fair Labor Standards Act filed by Plaintiff Nelson Leung ("Plaintiff Leung") and Plaintiff Lip Kuen Moy ("Plaintiff Moy") on November 8, 2017.

4. Attached hereto as Exhibit "C" are copies of the Hakkasan arbitration agreement signed by Plaintiff Nelson, Plaintiff Moy and Plaintiff Zhu.

5. Prior to filing this motion, counsel for Defendants advised counsel for Plaintiffs of the existence of each Plaintiff's arbitration agreement and provided a copy of the agreement, but Plaintiffs have refused to withdraw the Complaint

Dated: New York, New York
April 20, 2017

_____

Felice B. Ekelman

2

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SUQIN ZHU, INDIVIDUALLY AND ON BEHALF OF
ALL OTHER EMPLOYEES SIMILARLY SITUATED,

Plaintiff,

- against -

HAKKASAN NYC LLC, HAKKASAN HOLDINGS,
LLC

Defendants.

Case No.

**COLLECTIVE ACTION
COMPLAINT AND JURY
TRIAL DEMAND**

---

Plaintiff SUQIN ZHU, on her own behalf and on behalf of all others similarly situated, by and through her undersigned attorneys, Hang & Associates, PLLC, hereby files this complaint against the Defendant HAKKASAN NYC LLC, and HAKKASAN HOLDINGS, LLC (collectively "Defendants"), alleges and shows the Court the following:

## INTRODUCTION

1.     This is an action brought by Plaintiff on her own behalf and on behalf of similarly situated employees, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") the New York Labor Law ("NYLL"), the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL") arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.     Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiff overtime compensation for all hours worked over forty (40) each workweek.

3.     Upon information and belief, Defendants willfully and intentionally misclassified Plaintiff and all other members of the proposed Classes as salaried, exempt employees, at all times in which they worked as "Sous Chefs". Defendant's improper classification resulted in the failure to properly compensate its Sous Chefs with overtime pay as required under applicable federal law.

4.     Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid overtime wages, (2) liquidated damages, (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

5.     Plaintiff further alleges pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that they are entitled to recover from the Defendants: (1) unpaid overtime compensation, (2) unpaid "spread of hours" premium for each day they worked ten (10) or more hours, (3) compensation for failure to provide wage notice at the time of hiring and failure to provide paystubs in violation of the NYLL (4) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium, unpaid overtime pursuant to the NY Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorney's fees and costs.

6.     Plaintiff also alleges that he was deprived of his statutory rights as a result of Defendants' unlawful discrimination practices on the basis of Plaintiff's race and/or ethnicity under the New York State Human Rights Law, New York Executive Law § 296 ("NYSHRL"), and New York City Human Rights Law, Administrative Code of the City of New York § 8-502 ("NYCHRL") and brings this action against Defendants to recover (1) compensatory damages for emotional distress, (2) punitive damages and (3) attorneys' fees and costs.

## JURISDICTION AND VENUE

7.      This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law, New York State Human Rights Law, and New York City Human Rights Law claims pursuant to 28 U.S.C. § 1367(a).

8.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

9.      Plaintiff Suqin Zhu ("Zhu") is a resident of Elmhurst, NY and was employed by Hakkasan NYC, LLC, and Hakkasan Holdings, LLC. as a sous chef at Defendant's restaurant located at 311 West 43rd Street, New York, NY 10036 from February 15, 2012 to July 1, 2016.

## DEFENDANTS

10.     Defendant Hakkasan NYC LLC is a New York limited liability company, which is registered with the New York State Department of State to receive service of process at 6385 S. Rainbow Blvd., Suite 800, Las Vegas, Nevada 89118.   Upon information and belief, Hakkasan NYC LLC owns and/or operates Hakkasan New York, located at 311 West 43rd Street, New York, NY 10036.

11.     Defendant Hakkasan Holdings, LLC is, upon information and belief, a Nevada corporation, registered to do business at 6385 S. Rainbow Blvd., Suite 800, Las Vegas, Nevada 89118.  Upon information and belief, Hakkasan Holdings, LLC owns and/or operates Hakkasan New York, located at 311 West 43rd Street, New York, NY 10036.

12.     Upon information and belief, Defendants were "employers" within the meaning of all applicable statutes, and had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year. Upon information and belief, Defendants purchased and handled goods moved in interstate commerce.

13.     At all times relevant herein, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of FLSA.

14.     At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

15.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff her lawfully earned overtime compensation and spread-of-hour premiums, and failed to provide her a wage notice at the time of hiring in violation of the NYLL.

16.     Plaintiff has fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

## STATEMENT OF FACTS

### (Relating to Violations of the FLSA and NYLL)

17.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

18.     Plaintiff worked as a junior sous chef within the dim sum department of the Defendants' restaurant Hakkasan New York from February 15, 2012 to July 1, 2016.

19.     Plaintiff would spend a small proportion of her day checking orders and informing other kitchen staff which items needed to be cooked, however, Plaintiff spent the majority of her time cooking.

20.     Plaintiff did not have hiring, firing, disciplining or scheduling authority over other

employees.

21.     Plaintiff's duties as a salaried sous chef did not differ substantially from the duties of non-exempt hourly paid cooks and kitchen employees, which included cooking and preparing food.

22.     Plaintiff did not exercise a meaningful degree of independent discretion with respect to the exercise of her duties, nor did she have the authority to modify or alter recipes in the kitchen.

23.     Plaintiff did not manage any part or subdivision of the kitchen, including the dim sum department.

24.     Consistent with Defendants' policy and pattern or practice, Plaintiff regularly worked in excess of 40 hours per workweek without being paid overtime wages.

25.     Defendants knew that the nonpayment of overtime pay, spread of hours pay, and failure to provide the required wage notice at the time of hiring would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

26.     From February 15, 2012 to July 1, 2016, Plaintiff was hired by Defendants to work as a sous chef at Defendants restaurant located at 1311 West 43rd Street, New York, NY 10036.

27.     From February 15, 2012 to March 16, 2013 Plaintiff was paid an hourly rate based on the actual hours Plaintiff worked, and was paid for all hours worked including overtime pay for hours worked in excess of forty hours per week.

28.     However, starting March 17, 2013 Plaintiff was reclassified as exempt and was paid a fixed weekly salary, regardless of actual hours worked.

29.    Between March 17, 2013 to July 1, 2016 Plaintiff did not receive any overtime premiums despite working in excess of forty (40) hours per week.

30.    Between March 17, 2013 to around February 2016 Plaintiff worked six days per week with Wednesdays off.  On Monday, Tuesday, Thursday and Friday Plaintiff worked from 12:00am to 10:00pm.  Plaintiff was allotted a thirty (30) minute lunch break between 4:30pm and 5:00pm, however the break was neither uninterrupted nor lasted longer than thirty 30 minutes. On Saturday and Sunday Plaintiff worked from 9:00am to 7:00pm.  Plaintiff was allotted two thirty (30) minute breaks between 10:30am to 11:00pm and 4:30pm to 5:00pm, however neither break was uninterrupted or lasted longer than 30 minutes.  Thus Plaintiff worked at least sixty (60) hours per week during this period.

31.    Between around March 2016 to July 1, 2016 Plaintiff worked five days per week with Wednesday and Sunday off.  On Monday, Tuesday, Thursday and Friday Plaintiff worked from 12:00am to 10:00pm.  Plaintiff was allotted a thirty (30) minute lunch break between 4:30pm and 5:00pm, however the break was neither uninterrupted nor lasted longer than thirty (30) minutes.  On Saturday Plaintiff worked from 9:00am to 7:00pm.  Plaintiff was allotted two thirty (30) minute breaks between 10:30am to 11:00pm and 4:30pm to 5:00pm, however neither break was uninterrupted or lasted longer than 30 minutes.  Thus Plaintiff worked at least fifty (50) hours per week during this period.

32.    From around March 2013 to August 9, 2014 Plaintiff was paid a fixed weekly salary of $769.23 or approximately $40,000 per year.

33.    From August 10, 2014 to July 1, 2016 Plaintiff was paid a fixed weekly salary of $869.89 or approximately $45,000 per year.

34.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

35.     While employed by Defendants, Plaintiff was not actually exempt under federal and state laws requiring employers to pay employees overtime.

36.     Plaintiff's workdays frequently lasted longer than 10 hours.

37.     Defendants did not pay Plaintiff "spread of hours" premium for every day in which she worked over 10 hours.

38.     Defendants did not provide Plaintiff with proper written notices about the terms and conditions of her employment upon hire in relation to their rate of pay, regular pay cycle and rate of overtime pay. These notices were similarly not provided upon Plaintiff's and other Class members' pay increase(s).

39.     Defendants committed the foregoing acts against the Plaintiff, the FLSA Collective Plaintiffs, and the Class.

### (Relating to Violations of the NYSHRL and NYCHRL)

40.     Plaintiff is Han Chinese and was born in the People's Republic of China.

41.     Throughout Plaintiff's employment there was a two tier system in place whereby Chinese and Caucasian employees, who did substantially the same type of work, and had similar levels of skills and experience, were required to work substantially different hours for the same rate of pay.

42.     Plaintiff and other Chinese salaried employees were required to work well in excess of forty hours per week, and generally between fifty and sixty hours per week.

43.     Caucasian employees were only required to work at most forty hours per week, yet were paid salaries equivalent to Chinese employees.

44.     Thus, Defendants maintained a discriminatory policy whereby Caucasian employees would receive a higher equivalent hourly rate without any justification.

45.     In addition, Caucasian employees were provided with additional paid holidays which were not available to Chinese employees.   Specifically, Caucasian employees were provided with three paid holiday days around Independence Day, however, Chinese employees were only provided with two paid holiday days.

## COLLECTIVE ACTION ALLEGATIONS

46.     Pursuant to 29 U.S.C. §207, Plaintiff seeks to prosecute his FLSA claim as a collective action on behalf of all persons who are or were formerly employed by Defendants as a sous chef and other similarly situated current and former employee holding comparable positions but different titles, at any time from July 30, 2012 to the entry of judgment in this case (the "Collective Action Period").

47.     Defendants are liable under the FLSA for, *inter alia,* failing to properly compensate Plaintiff and other sous chefs.

48.     There are many similarly situated current and former Bed Bath and Beyond DMs (and other employees holding comparable positions but different titles) who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.  This, Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. §216 (b).

49.     Those similarly situated employees are known to Defendants, are readily identifiable and can be located through Defendants' records.

50.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time

and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

51.    Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff and other similarly situated employees.

52.    Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than one hundred (100) Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

53.    Plaintiff will fairly and adequately protect the interests of the Collective Action Members, and have retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

54.    This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would

as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

55.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

56.     Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

b. Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;

c. Whether the Defendants failed to pay the Collective Action Members spread of hours payment for each day an employee worked over 10 hours;

d. Whether the Defendants failed to comply with the notice and record keeping requirements of the FLSA;

e. Whether the Defendants have a policy of misclassifying sous chefs as exempt from the coverage of the overtime provisions of the FLSA;

10

f. Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

g. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

57.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

58.     Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.


## STATEMENT OF CLAIM

### COUNT I
[Violations of the Fair Labor Standards Act—Overtime Wage
Brought on behalf of the Plaintiff and the FLSA Collective]

59.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

60.     The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

61.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

11

62. Defendants' failure to pay Plaintiff and the FLSA Collective Action Members their overtime pay violated the FLSA.

63. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

64. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

65. Defendants willfully failed to notify Plaintiff and FLSA Collective Action Members of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and FLSA Collectives' labor.

66. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Action Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT II
### [Violation of New York Labor Law—Overtime Pay]

67. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

68. Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any

underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

69.     Defendants' failure to pay Plaintiff their overtime pay violated the NYLL.

70.     Defendants' failure to pay Plaintiff was not in good faith.

## COUNT III
### [Violation of New York Labor Law—Spread of Time Pay]

71.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

72.     The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§190, et seq., and §§650, et seq., and New York State Department of Labor regulations §146-1.6.

73.     Defendants' failure to pay Plaintiff spread-of-hours pay was not in good faith.

## COUNT IV
### [Violation of New York Labor Law—Time of Hire Wage Notice Requirement]

74.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

75.     The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL §195-1(a).

76.     Defendants intentionally failed to provide conforming notice to employees in

violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on his or her first day of employment.

77.    Defendants provided deficient notice to each employee at Time of Hire, and failed to provide conforming notice to Plaintiff even after the fact.

78.    Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT V
### [Violation of New York Labor Law—New York Pay Stub Requirement]

79.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

80.    The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

81.    Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and provided a deficient and confusing paystub on or after each Plaintiff's payday.

82.    Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law §198(1-d).

## COUNT VI
### [Discrimination in Violation of New York State Human Rights Law]

14

83.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

84.     By the actions describes above, among others, Defendants discriminated against Plaintiff on the basis of her race, ethnicity and/or national origin in violation of the NYSHRL by denying Plaintiff the same terms and conditions of employment available to non-Chinese employees.

85.     As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

**COUNT VII**
**[Discrimination in Violation of New York City Human Rights Law]**

86.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

87.     By the actions describes above, among others, Defendants discriminated against Plaintiff on the basis of their race, ethnicity and/or national origin in violation of the NYCHRL by denying Plaintiff the same terms and conditions of employment available to non-Chinese employees.

88.     As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

89.     As a direct and proximate result, Plaintiff has suffered and continue to suffer, mental anguish and emotional distress, for which Plaintiff is entitled to an award of damages.

90.     Defendants' unlawful and discriminatory actions constitute malicious, willful and

wanton violations of the NYCHRL for which Plaintiff is entitled to an award of punitive damages.

### Prayer For Relief

WHEREFORE, Plaintiff, on behalf of herself, and the FLSA collective Plaintiffs, respectfully request that this court enter a judgment providing the following relief:

a) Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been employed by defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

d) Certification of this case as a collective action pursuant to FLSA;

e) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

f) A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

g) An injunction against Defendants its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

16

h)   An award of unpaid overtime wages due under FLSA and New York Labor Law;

i)   An award of unpaid "spread of hours" premium due under the New York Labor Law;

j)   An award of damages for Defendants' failure to provide wage notice at the time of hiring as required under the New York Labor Law.

k)   An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages, minimum wages and overtime compensation pursuant to 29 U.S.C. §216;

l)   An award of liquidated and/ or punitive damages as a result of Defendants' willful failure to pay wages, minimum wages, overtime compensation, and "spread of hours" premium pursuant to New York Labor Law;

m)   An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

n)   The cost and disbursements of this action;

o)   An award of prejudgment and post-judgment fees;

p)   An award of damages against Defendants, in an amount to be determined at trial, plus interest, to compensate for all monetary and/or economic damages, including, but not limited to, loss of past and future income, wages, compensation, and other benefits of employment.

q)   An award of damages against Defendants, in an amount to be determined at trial, plus interest, to compensate for all non-monetary and/or compensatory damages, including, but limited to, compensation for Plaintiffs' mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering, and emotional distress.

r)   An award of damages for any and all other monetary and/or non-monetary losses

suffered by Plaintiffs, including, but not limited to, lost income, reputational harm, and harm to professional reputation, in an amount to determined at trial.

s)     Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

t)     Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff, on behalf of herself and the Collective Action Members and members of the Class, demands a trial by jury on all questions of fact raised by the complaint.

Dated: Flushing, New York
     July 13, 2016

                              HANG & ASSOCIATES, PLLC.

                              */S/ JIAN HANG*
                              Jian Hang, Esq.
                              136-18 39th Ave., Suite 1003
                              Flushing, New York 11354
                              Tel: 718.353.8588
                              jhang@hanglaw.com
                              *Attorneys for Plaintiff*

# EXHIBIT 1

CONSENT TO SUE UNDER
FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by Hakkasan NYC LLC, Hakkasan Holdings LLC and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

_Zhu, Su Din_
Full Legal Name (Print)

_Su Din_
Signature

_7/12/2016_
Date

# EXHIBIT B

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by Hakkasan NYC LLC, Hakkasan Holdings LLC and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

Nelson Leung
Full Legal Name (Print)

_____
Signature

11/8/16
Date

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by Hakkasan NYC LLC, Hakkasan Holdings LLC and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

MOY LIP KUGN
Full Legal Name (Print)

Signature

Nov 8, 2016
Date

# EXHIBIT C

## DISPUTE RESOLUTION/ARBITRATION AGREEMENT

As a condition of and in consideration for my employment with HAKKASAN NYC, LLC (hereinafter "the Company"), as set forth in more detail below, I waive my right to a court and/or jury trial and agree that disputes relating to my employment, or the termination of such employment, shall be decided by a mutually agreed-upon Arbitrator in final and binding arbitration.

After conferring with and attempting to resolve any issue with the General Manager and/or the Director of Human Resources, I agree to bring any and all claims I may wish to assert against the Company, other than those claims specifically excluded below, only through arbitration. Such claims, whether based upon statute, regulation, contract, tort, or other common law principles, include but are not limited to, any claim for breach of contract, unpaid wages, wrongful termination, violation of federal, state or city laws forbidding discrimination, harassment, and retaliation on the basis of race, color, religion, gender, sexual orientation, age, national origin, disability, and any other protected status which may be brought under applicable federal, state or local law, and disputes relating to the interpretation of this Agreement. The following claims shall not be subject to arbitration: claims for Workers' Compensation or Unemployment Compensation, claims under benefit plans which provide for special appeal processes, claims relating to business decisions unrelated to any alleged violation of my legal rights, claims against me by the Company for injunctive or equitable relief to protect its confidential, proprietary or trade secret information, or any claim that is non-arbitrable under applicable law.

I understand that to initiate arbitration under this Agreement, I or the Company must request arbitration of the other, in writing and in a timely manner, and understand that I may do so without first filing a claim with any federal, state or local agency. I understand and agree that while this Agreement does not prevent me from filing a complaint with a federal, state or local governmental agency, any economic remedy shall be limited to that awarded through arbitration under this Agreement, to the extent permitted by law.

Arbitration under this Agreement shall be before a single Arbitrator in the county in which the dispute arose and conducted in accordance with the Employment Arbitration Rules of the American Arbitration Association to the extent consistent with applicable law, including the Federal Arbitration Act, the Federal Rules of Civil Procedure (relating to filing deadlines, discovery processes, and dispositive motions), and the Federal Rules of Evidence (relating to the presentation of evidence). The Arbitrator shall be mutually chosen by the Company and I through the Employment Panel of the American Arbitration Association.

In agreeing to waive my right to a court and/or jury trial, I understand that I am not giving up any substantive rights, and that this Agreement simply governs forum. The Arbitrator shall apply the substantive law that would have applied had the dispute been heard in court, including but not limited to applicable statutes of limitation, burdens of proof, and remedies. The Arbitrator's award shall be in writing, with reasons given and evidence cited for the award, and based solely on the law governing the claims and defenses pleaded. Each party agrees to abide by and perform any award rendered by the Arbitrator, and that any court of competent jurisdiction may enter judgment upon the award.

The Company shall pay all costs uniquely attributable to arbitration, such as the cost of the Arbitrator and any administrative or filing fees, except that I will be responsible to pay $175 to initiate a claim and any fees associated with my postponement or cancellation of a scheduled hearing date. Each party shall pay their own costs, witness fees and attorney fees, if any, unless the Arbitrator rules otherwise. If the law applicable to the claim(s) being arbitrated, or any agreement, affords the awarding of the prevailing party attorneys' fees and costs, then the Arbitrator shall apply the same standards a court would apply to award such attorneys' fees and/or costs. I understand that I shall not be required to pay any fee or cost that I would not be required to pay in a court action.

I understand and agree that all proceedings and documents prepared in connection with any arbitration under this Agreement shall be confidential, and unless otherwise required by law, the subject matter of such proceedings and documents shall not be disclosed to any person or through any medium, other than to the parties, their legal counsel, witnesses and experts, the Arbitrator, and if involved, a court.

I understand that this Agreement does not in any way affect the at-will relationship between the Company and I, and that the employment relationship may be terminated at any time, for any or no reason, and without procedural requirement. I further understand that the Company may modify or terminate this Agreement with at least 10 days' notice with regard to any arbitration not then pending. The provisions of this Agreement are severable, and if any provision is determined to be unenforceable, then the remaining provisions shall remain in full effect.

I understand that I have a right to consult with a person of my choosing, including an attorney, before signing this Agreement.

**BY SIGNING THIS AGREEMENT, I ACKNOWLEDGE THAT I KNOWINGLY, VOLUNTARILY, AND WITHOUT COERCION WAIVE THE RIGHT TO A COURT TRIAL FOR ANY DISPUTE SUBJECT TO THE TERMS OF THIS AGREEMENT.**

_Nelson Leung_
Employee Printed Name

_Nelson Leung_ _1-26-12_
Employee Signature     Date

**HAKKASAN NYC, LLC**

_Karelin D. Barry_
By:

_1-26-12_
Date



## DISPUTE RESOLUTION/ARBITRATION AGREEMENT

As a condition of and in consideration for my employment with HAKKASAN NYC, LLC (hereinafter "the Company"), as set forth in more detail below, I waive my right to a court and/or jury trial and agree that disputes relating to my employment, or the termination of such employment, shall be decided by a mutually agreed-upon Arbitrator in final and binding arbitration.

After conferring with and attempting to resolve any issue with the General Manager and/or the Director of Human Resources, I agree to bring any and all claims I may wish to assert against the Company, other than those claims specifically excluded below, only through arbitration. Such claims, whether based upon statute, regulation, contract, tort. or other common law principles, include but are not limited to, any claim for breach of contract, unpaid wages, wrongful termination, violation of federal, state or city laws forbidding discrimination, harassment. and retaliation on the basis of race, color, religion, gender, sexual orientation, age, national origin, disability, and any other protected status which may be brought under applicable federal, state or local law, and disputes relating to the interpretation of this Agreement. The following claims shall not be subject to arbitration: claims for Workers' Compensation or Unemployment Compensation, claims under benefit plans which provide for special appeal processes, claims relating to business decisions unrelated to any alleged violation of my legal rights, claims against me by the Company for injunctive or equitable relief to protect its confidential, proprietary or trade secret information, or any claim that is non-arbitrable under applicable law.

I understand that to initiate arbitration under this Agreement, I or the Company must request arbitration of the other, in writing and in a timely manner, and understand that I may do so without first filing a claim with any federal, state or local agency. I understand and agree that while this Agreement does not prevent me from filing a complaint with a federal, state or local governmental agency, any economic remedy shall be limited to that awarded through arbitration under this Agreement, to the extent permitted by law.

Arbitration under this Agreement shall be before a single Arbitrator in the county in which the dispute arose and conducted in accordance with the Employment Arbitration Rules of the American Arbitration Association to the extent consistent with applicable law, including the Federal Arbitration Act, the Federal Rules of Civil Procedure (relating to filing deadlines. discovery processes, and dispositive motions), and the Federal Rules of Evidence (relating to the presentation of evidence). The Arbitrator shall be mutually chosen by the Company and I through the Employment Panel of the American Arbitration Association.

In agreeing to waive my right to a court and/or jury trial, I understand that I am not giving up any substantive rights, and that this Agreement simply governs forum. The Arbitrator shall apply the substantive law that would have applied had the dispute been heard in court, including but not limited to applicable statutes of limitation, burdens of proof, and remedies. The Arbitrator's award shall be in writing, with reasons given and evidence cited for the award, and based solely on the law governing the claims and defenses pleaded. Each party agrees to abide by and perform any award rendered by the Arbitrator, and that any court of competent jurisdiction may enter judgment upon the award.

The Company shall pay all costs uniquely attributable to arbitration, such as the cost of the Arbitrator and any administrative or filing fees,  except that I will be responsible to pay $175 to initiate a claim and any fees associated with my postponement or cancellation of a scheduled hearing date. Each party shall pay their own costs, witness fees and attorney fees, if any. unless the Arbitrator rules otherwise. If the law applicable to the claim(s) being arbitrated, or any agreement, affords the awarding of the prevailing party attorneys' fees and costs, then the Arbitrator shall apply the same standards a court would apply to award such attorneys' fees and/or costs. I understand that I shall not be required to pay any fee or cost that I would not be required to pay in a court action.

I understand and agree that all proceedings and documents prepared in connection with any arbitration under this Agreement shall be confidential, and unless otherwise required by law, the subject matter of such proceedings and documents shall not be disclosed to any person or through any medium, other than to the parties, their legal counsel, witnesses and experts, the Arbitrator, and if involved, a court.

I understand that this Agreement does not in any way affect the at-will relationship between the Company and I, and that the employment relationship may be terminated at any time, for any or no reason, and without procedural requirement. I further understand that the Company may modify or terminate this Agreement with at least 10 days' notice with regard to any arbitration not then pending. The provisions of this Agreement are severable, and if any provision is determined to be unenforceable, then the remaining provisions shall remain in full effect.

I understand that I have a right to consult with a person of my choosing, including an attorney, before signing this Agreement.

**BY SIGNING THIS AGREEMENT, I ACKNOWLEDGE THAT I KNOWINGLY, VOLUNTARILY, AND WITHOUT COERCION WAIVE THE RIGHT TO A COURT TRIAL FOR ANY DISPUTE SUBJECT TO THE TERMS OF THIS AGREEMENT.**

LIP KUEN MOY
Employee Printed Name

Employee Signature            02/13/12
                             Date

HAKKASAN NYC, LLC

By:

2.13.12
Date

-2-



### DISPUTE RESOLUTION/ARBITRATION AGREEMENT

As a condition of and in consideration for my employment with HAKKASAN NYC, LLC (hereinafter "the Company"), as set forth in more detail below, I waive my right to a court and/or jury trial and agree that disputes relating to my employment, or the termination of such employment, shall be decided by a mutually agreed-upon Arbitrator in final and binding arbitration.

After conferring with and attempting to resolve any issue with the General Manager and/or the Director of Human Resources, I agree to bring any and all claims I may wish to assert against the Company, other than those claims specifically excluded below, only through arbitration. Such claims, whether based upon statute, regulation, contract, tort, or other common law principles, include but are not limited to, any claim for breach of contract, unpaid wages, wrongful termination, violation of federal, state or city laws forbidding discrimination, harassment, and retaliation on the basis of race, color, religion, gender, sexual orientation, age, national origin, disability, and any other protected status which may be brought under applicable federal, state or local law, and disputes relating to the interpretation of this Agreement. The following claims shall not be subject to arbitration: claims for Workers' Compensation or Unemployment Compensation, claims under benefit plans which provide for special appeal processes, claims relating to business decisions unrelated to any alleged violation of my legal rights, claims against me by the Company for injunctive or equitable relief to protect its confidential, proprietary or trade secret information, or any claim that is non-arbitrable under applicable law.

I understand that to initiate arbitration under this Agreement, I or the Company must request arbitration of the other, in writing and in a timely manner, and understand that I may do so without first filing a claim with any federal, state or local agency. I understand and agree that while this Agreement does not prevent me from filing a complaint with a federal, state or local governmental agency, any economic remedy shall be limited to that awarded through arbitration under this Agreement, to the extent permitted by law.

Arbitration under this Agreement shall be before a single Arbitrator in the county in which the dispute arose and conducted in accordance with the Employment Arbitration Rules of the American Arbitration Association to the extent consistent with applicable law, including the Federal Arbitration Act, the Federal Rules of Civil Procedure (relating to filing deadlines, discovery processes, and dispositive motions), and the Federal Rules of Evidence (relating to the presentation of evidence). The Arbitrator shall be mutually chosen by the Company and I through the Employment Panel of the American Arbitration Association.

In agreeing to waive my right to a court and/or jury trial, I understand that I am not giving up any substantive rights, and that this Agreement simply governs forum. The Arbitrator shall apply the substantive law that would have applied had the dispute been heard in court, including but not limited to applicable statutes of limitation, burdens of proof, and remedies. The Arbitrator's award shall be in writing, with reasons given and evidence cited for the award, and based solely on the law governing the claims and defenses pleaded. Each party agrees to abide by and perform any award rendered by the Arbitrator, and that any court of competent jurisdiction may enter judgment upon the award.

The Company shall pay all costs uniquely attributable to arbitration, such as the cost of the Arbitrator and any administrative or filing fees, except that I will be responsible to pay $175 to initiate a claim and any fees associated with my postponement or cancellation of a scheduled hearing date. Each party shall pay their own costs, witness fees and attorney fees, if any, unless the Arbitrator rules otherwise. If the law applicable to the claim(s) being arbitrated, or any agreement, affords the awarding of the prevailing party attorneys' fees and costs, then the Arbitrator shall apply the same standards a court would apply to award such attorneys' fees and/or costs. I understand that I shall not be required to pay any fee or cost that I would not be required to pay in a court action.

I understand and agree that all proceedings and documents prepared in connection with any arbitration under this Agreement shall be confidential, and unless otherwise required by law, the subject matter of such proceedings and documents shall not be disclosed to any person or through any medium, other than to the parties, their legal counsel, witnesses and experts, the Arbitrator, and if involved, a court.

I understand that this Agreement does not in any way affect the at-will relationship between the Company and I, and that the employment relationship may be terminated at any time, for any or no reason, and without procedural requirement. I further understand that the Company may modify or terminate this Agreement with at least 10 days' notice with regard to any arbitration not then pending. The provisions of this Agreement are severable, and if any provision is determined to be unenforceable, then the remaining provisions shall remain in full effect.

I understand that I have a right to consult with a person of my choosing, including an attorney, before signing this Agreement.

**BY SIGNING THIS AGREEMENT, I ACKNOWLEDGE THAT I KNOWINGLY, VOLUNTARILY, AND WITHOUT COERCION WAIVE THE RIGHT TO A COURT TRIAL FOR ANY DISPUTE SUBJECT TO THE TERMS OF THIS AGREEMENT.**

_____
Employee Printed Name

_____  2/15/12
Employee Signature            Date

**HAKKASAN NYC, LLC**

By: _____        Date _____

-2-